# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN E. AMOS,

    **Plaintiff,**

                                                  Civil Action 2:17-cv-819
    v.                                        Judge James L. Graham
                                                  Magistrate Judge Elizabeth P. Deavers

JOHN M. SOLOVAN, II, *et al.,*

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, John E. Amos, an Ohio citizen who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1985(2) against retired Belmont County Court of Common Pleas Judge John M. Solovan II and others involved in his state criminal case (collectively "Defendants"), all of whom are Ohio citizens. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to state a claim upon which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or

---

[1] Formerly 28 U.S.C. § 1915(d).

treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.**

According to the Complaint, Defendants were involved in various capacities in Plaintiff's indictment and subsequent sentencing in Belmont County, Ohio between March 7, 2007, and May 4, 2007. (ECF No. 1-1at 3.) Plaintiff asserts that Defendants Fry and Solovan "formally charged [Plaintiff] by indictment . . . in violation of the U.S. Fourth Amendment. My civil right against my person and property has been violated as the probable cause (indictment) is not supported by oath or affirmation." (*Id.*) Plaintiff asserts that Defendant Nichelson "joined the conspiracy when he represented [Plaintiff] in the pro forma criminal case. As he knew or should have known that no criminal charge was made against [Plaintiff] pursuant to U.S. Const. Amend. 4." (*Id.*) Plaintiff claims that, as a result of Defendants' actions, he was wrongfully sentenced to fifty years in prison. (*Id.*) Plaintiff, therefore, seeks $500,000 in compensatory damages and $500,000 in punitive damages against each defendant. (*Id.* at 4.)

**III.**

Plaintiff purports to bring his claims pursuant to 42 U.S.C. § 1985(2). (ECF No. 1-1 at 2.) Plaintiff has utterly failed to provide any facts from which the Court could find that Defendants conspired against him "by force, intimidation, or threat" to deter him or any witness from attending court or testifying, as required by the statute. 42 U.S.C. § 1985(2). In any event, the statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1985 is two years, as found in Ohio Revised Code § 2305.10. *Sykes v. United States*, 507 F. App'x 455, 462

3

(6th Cir. 2012) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)); *see also Ford Motor Credit Co. v. Jones*, 2009-Ohio-3298 (Ohio Ct.App., Cuyahoga Cty. 2009) (in Ohio, "the applicable statute of limitations for the underlying cause of action applies to the civil conspiracy charge") (citation omitted).

Although the statute of limitations is normally an affirmative defense that defendants must raise in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process. *See, e.g., Watson v. Wayne County*, 90 F. App'x. 814, *1 (6th Cir. January 26, 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*"). This Court has applied that rule in cases screened under § 1915A. *See, e.g., Smith v. Warren County Sheriff's Dept.*, 2010 No. 1:10-CV-113, WL 761894 (S.D. Ohio March 2, 2010). The Court, therefore, must look to the allegations in the complaint to determine whether the action has been filed within the applicable two-year period.

Here, all of the conduct alleged in the Complaint occurred on or before May 4, 2007, the date Plaintiff was sentenced in his state criminal case. (ECF No. 1-1 at 3.) This Court received Plaintiff's motion to proceed *in forma pauperis* with the complaint attached on September 15, 2017. Plaintiff, then, clearly did not file his complaint within two years of the events in question. The statute of limitations, unless tolled for some reason, therefore, would bar further prosecution of this case. Given that he provided virtually no facts to support his claim, Plaintiff's complaint suggests no reason that the statute of limitations should be tolled in this matter.

**IV.**

Plaintiff's request to proceed *in forma paperis* is **GRANTED**. For the reasons explained

4

above, however, Plaintiff failed to timely file his claims within the two-year statute of limitations set forth in Ohio Revised Code § 2305.10 governing Section 1985 actions in Ohio. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims pursuant to Section 1915(e)(2) because these claims are barred by the statute of limitations.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation

omitted)).

**IT IS SO ORDERED.**

Date: September 19, 2017        /s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE